UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENROD JONES,  )
   Plaintiff, )
     )
vs. ) No. 18-3186
     )
WILLIAM TWADDELL, et. al., )
   Defendants )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated at the Western Illinois Correctional Center by Chaplain William Twaddell, Illinois Department of Corrections (IDOC) Chief Chaplain Steve Keim, former Warden Jeff Korte, Warden Cameron Watson, and Officer Williams. Plaintiff's lengthy, 87-page complaint with exhibits is repetitive which makes it difficult to determine his intended claims. Nonetheless, it is clear Plaintiff is alleged a violation of his First Amendment rights to practice his religion as well as a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).

1

Plaintiff says he is Muslim and his faith requires him to wear a prayer cap and robe for individual prayer and for religious services. While Plaintiff's request for a prayer cap was approved, Plaintiff claims on March 21, 2014 Chaplains Twaddell and Keim denied Plaintiff's request to purchase a prayer robe at his own expense. In response to his grievance, Plaintiff was informed Chaplain Twaddell did not believe the white robe was essential to the practice of Plaintiff's religion. Further, the robe would put Plaintiff in an elevated status among other Islamic inmates which violated department rules.

Plaintiff admits he was offered the chance to have the robe in his cell, but not at religion services, but Plaintiff refused the offer. Instead, Plaintiff says he provided "verification from an outside faith group that the item I requested is in fact a part of my religion." (Comp., p. 9).

Plaintiff also says he was not in a position of authority over other inmates. Plaintiff was instead a "privileged volunteer" for three years responsible for "delivering approved sermons and guided religious activity." (Comp., p. 8). However, on May 30, 2014, Plaintiff says Defendant Chaplain Twaddell removed Plaintiff from this position in retaliation for Plaintiff's repeated complaints concerning the robe.

On June 5, 2014, Plaintiff was taken to segregation under investigative status for allegedly threatening the Chaplain. However, internal affairs investigated and released Plaintiff the very next day finding the report was not substantiated. Plaintiff says Defendant Twaddell made a false report in retaliation for his complaints and grievances.

On January 9, 2015, Plaintiff says Chaplain Twaddell wrote a disciplinary ticket accusing Plaintiff of participating in gang activity and insolence. Plaintiff was only found guilty of insolence. Plaintiff again says the ticket was written in retaliation for Plaintiff's repeated complaints and grievances concerning the prayer robe.

Plaintiff also alleges Defendant Twaddell denied Plaintiff religious tapes necessary to practice his religion, but Plaintiff does not provide many specific details. Plaintiff does indicate the Administrative Review Board denied the appeal of his grievance on this issue on March 1, 2017.

Finally, Plaintiff claims Defendant Officer Williams repeatedly denied Plaintiff the right to participate in Ramadhan meals in June of 2017. This portion of Plaintiff's complaint is difficult to decipher, but Plaintiff appears to allege Warden Watson implemented a policy which prevented Islamic Inmates from getting ice after their daily fasting period despite a period of excessive heat.

It is unclear why Plaintiff waited until 2018 to file his complaint. A prisoner who wishes to file a lawsuit pursuant to 42 U.S.C. §1983 must file his or her complaint within the two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). The statute of limitations period begins or accrues when "the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). However, ongoing violations of a prisoner's constitutional rights, such as the consistent denial of medical care, can delay the accrual date under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001); *Brown v.*

3

*Godinz*, 2017 WL 2868951, at *4 (N.D.Ill. July 5, 2017). For the purposes of notice pleading, the Court must assume at this stage of the litigation that Plaintiff has alleged a continuing violation of his constitutional rights.

Plaintiff has adequately alleged Defendants Chaplain Keim and Twaddell violated his rights pursuant to the First Amendment and RLUIPA when Plaintiff was denied a prayer robe and religious cassettes. In addition, Defendant Officer Watson violated Plaintiff's First Amendment and RLUIPA rights when he denied Plaintiff several Ramadhan meals. Finally, Plaintiff has alleged Defendant Twaddell retaliated against Plaintiff for his complaints by removing him from the volunteer position for religions services and writing two disciplinary reports based on alleged threats and alleged security threat group involvement.

However, Plaintiff has not adequately alleged any claims against Defendant Warden Korte based on denying his grievances. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

In addition, Plaintiff's claims against Warden Watson are not clearly related to his surviving claims alleging a denial of his First Amendment rights. Instead, Plaintiff is alleging he was denied ice during excessive heat. Plaintiff may not combine unrelated claims against different defendants in one lawsuit. *George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Therefore, if Plaintiff wishes to pursue this claim, he must file a separate lawsuit.

In additional, although Plaintiff says he is suing the Defendants in their official capacities, Plaintiff has not clearly articulated an official capacity claim. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

Finally, the Court notes Plaintiff is asking for $90, 000 in compensatory damages against each Defendant in addition to $75,000 in punitive damages. However, if Plaintiff were successful at trial, there would be limitations on his damages. For instance, Plaintiff will not be able to recover damages for any mental or emotional damages because he has suffered no physical injury as a result of his First Amendment claim. *See Calhoun v DeTella,* 319 F.3d 936, 940-41 (7th Cir. 2003). Plaintiff might be able to recover compensatory damages for the costs of his religious tapes if they were never returned to him. Otherwise, Plaintiff will be limited to nominal damages, and perhaps punitive damages. *See Lampley v Buss*, 2011 WL 855270 at *5 (N.D. Ind. March 7, 2011)(plaintiff alleging First Amendment violation may recover nominal or punitive damages, but not damages for mental or emotional injury); *Agrawal v Briley*, 2008 WL 4449862 at *1 (N.D. Ill. Sept. 30, 2008)(plaintiff may seek nominal and punitive damages for First Amendment claim); *Al-Alamin v Gramley*, 926 F.2d 680, 684 (7th Cir. 1991)(plaintiff awarded nominal damages of one dollar for violation of First Amendment since no evidence of actual damages). Furthermore, if Plaintiff can demonstrate punitive damages, "generally the case law does not support an award of substantial amount of punitive damages in cases such as this with minimal compensatory damages." *Shatner,* 2009 WL 260788, at *34 (S.D.Ill. Feb. 4, 2009).

Plaintiff has filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has demonstrated at least some attempt to find counsel on his own.

Nonetheless, Plaintiff's claims are not complex. While repetitive and lengthy, Plaintiff's complaint sets forth the factual basis for his claims complete with exhibits. Plaintiff will have the opportunity to obtain additional relevant documentation during discovery. Once the Defendants are served, the Court will enter a scheduling order in this case which provides information to assist a pro se litigant, and requires the exchange of initial, relevant discovery. Therefore, based on the record before the Court, Plaintiff's motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Chaplain Keim and Twaddell violated Plaintiff's rights pursuant to the First Amendment and RLUIPA when

Plaintiff was denied a prayer robe and religious cassettes; b) Defendant Officer Watson violated Plaintiff's First Amendment and RLUIPA rights when he denied Plaintiff several Ramadhan meals; and c) Defendant Twaddell retaliated against Plaintiff for his grievances by removing him from the volunteer position for religions services and writing two disciplinary reports based on alleged threats and alleged security threat group involvement.  The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If Plaintiff intends to file a motion for leave to amend, he must state exactly how the amended complaint differs from the previous complaint. In other words, what claims or defendants are added or dismissed. The motion must have a complete, proposed amended complaint attached which includes all claims against all individuals and does not refer to the previous complaint. In addition, any amended complaint must follow Federal Rules of Civil Procedure 8 and 10. The complaint must include numbered paragraphs and each paragraph must include a short and plain statement of an intended claim. The complaint must not include exhibits, but instead clearly and briefly state each intended claim in the body of the complaint. If Plaintiff fails to follow the Court's directions, his amended complaint will be dismissed.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Korte and Watson for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [5]; 3) Deny Plaintiff's motions for a status update, [6, 7]; 4) Attempt service on Defendants pursuant to the**

**standard procedures; and 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 11th day of December, 2018.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE